### BECK'S TRUCK SERVICE v. SHELBY MUTUAL INSURANCE CO. OF SHELBY, OHIO.

No. 118218.

Small Claims Court, Dade County.
February 21, 1964.

Seymour London, Miami, for plaintiff.

Lewis L. LaFontissee, Jr., Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the plaintiff for $214.37, plus $8.25 costs. The evidence, which is legally sufficient to establish liability under the insurance contract sued upon, discloses the following material facts —

Plaintiff garagekeeper filed a claim for reimbursement under a policy of insurance ("Garage Liability Policy") for damages to a customer's truck which plaintiff had undertaken to repair. The truck sustained damage to its left and right windshields when plaintiff turned the starter switch on, while the truck was in gear, causing it to start forward striking another truck on the premises of plaintiff's garage.

Plaintiff insured contends the damage is within the coverage of the insurance policy, *Part III* thereof, *Coverage H — Collision or Upset.* The pertinent provision states —

"The company will pay on behalf of the insured *all sums which the insured shall become legally obligated to pay as damages* because of:

"H. *Loss* to an automobile . . . customarily left in charge of a garage caused by collision of the automobile . . . with another object or by upset thereof . . . *occurring while such automobile . . . is in the custody of the insured for service or repair . . .*" (Italics added.)

Part III contains *"Exclusions"* to which coverage under Part III of the policy does not apply. However, none of the exclusions are involved here.

Defendant contends that plaintiff's claim falls within the coverage of the insurance policy, *Part I, Liability.* The pertinent provisions follow —

"B. *Property Damage*

To which Part I applies, caused by accident and arising out of the garage operations hazard, *including only the automobile hazard for which insurance is afforded as indicated in the declarations;* and the company shall have the right and duty to defend any suit against the insured seeking damages payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient." (Italics added.)

Part I, Coverage B also contains several "Exclusions", which do not apply. Defendant contends that the damage claimed is excluded from Coverage B under Exclusionary Provision (h) —

"(h)   To property *damage to* . . .

"(2)   *Property in the care, custody or control of* . . . the *insured, or* property *as to which the insured is* for any purpose *exercising physical control* . . . " (Italics added.)

The abovementioned pertinent provisions of the insurance policy are mutually exclusive and independent.

Part I, Coverage B, applies to vehicles owned or operated by the insured in connection with the garage operations. It does not cover vehicles which the insured has under his control for purposes of repair or service on the garage premises.

Part III, Coverage H, for which coverage plaintiff has paid a premium, as shown on the "Declaration" page of the policy, is applicable to customers' vehicles left in the control of the insured for service or repair.

It is the court's opinion that plaintiff's damage claim is within the coverage of the insurance policy abovementioned (Part III, Coverage H), and plaintiff is entitled to recover under the policy.

The sole issue presented for determination was the liability of the defendant under the insurance policy involved. The amount of plaintiff's damages was not controverted.